\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of

finement is committed by statute to the custody of the Attorney General at a place to be designated solely by the Attorney General. 18 U.S.C.A. § 4082. Floyd v. Henderson, 5 Cir., 1972, 456 F.2d 1117; Holland v. Ciccone, 8 Cir., 1967, 386 F.2d 825. Cf. Royal v. Clark, 5 Cir., 1971, 447 F.2d 501; Krist v. Smith, 5 Cir., 1971, 439 F.2d 146; Haggerty v. Wainwright, 5 Cir., 1970, 427 F.2d 1137.

Affirmed.

**Ernest Z. GOLD, Plaintiff-Appellee,**

**v.**

**Caspar W. WEINBERGER, Secretary of Health, Education & Welfare, Defendant-Appellant.**

**No. 72-3145**

**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

Feb. 26, 1973.

New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Robert W. Rust, U. S. Atty., Clemens Hagglund, Asst. U. S. Atty., Miami, Fla., Kathryn H. Baldwin, Anthony J. Steinmeyer, Dept. of Justice, Washington, D. C., for defendant-appellant.

Bernard C. Pestcoe, Miami, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

DYER, Circuit Judge:

Gold brought this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to review the January 22, 1970, decision of the Secretary of Health, Education and Welfare denying him disability benefits. On September 30, 1970, the district court reversed the Secretary's determination and remanded the case to the Secretary for a new hearing. Following a second hearing, the Secretary determined that Gold had become disabled on April 1, 1970, and awarded disability benefits commencing on that date. Gold petitioned for further review in the district court seeking to reverse the Secretary's determination insofar as it held that Gold had not been disabled between April 1967 and April 1970. Subsequently, the district court again reversed the Secretary's determination with respect to the 1967–1970 period and remanded the case to the Secretary for another hearing. From that order the Secretary appealed. We reverse.

It is undisputed that, since April 18, 1967, Gold has suffered from a medically determinable myocardial infarction

and arteriosclerotic heart disease which prevented him from returning to his former work as an airline pilot. Further, the parties agree that Gold's symptomatology significantly changed by April 1970 with the onset of angina pectoris, and that since that date he has been unable to engage in any type of substantial gainful activity.

There was a conflict of medical evidence with respect to Gold's "inability to engage in any substantial gainful activity" within the terms of the amended definition of "disability" in the Social Security Act, §§ 216(i) and 223(d), 42 U.S.C.A. §§ 416(i) and 423(d), during the 1967–1970 period.

In the opinion of vocational experts, during this period Gold had the ability to engage in light and sedentary work— such as manager of an office building, insurance claims examiner or adjuster, salesman of aircraft and aircraft parts, travel agent, manager of a general store, and organ or piano salesman—and that these jobs existed in significant numbers in both the region where Gold lives and other regions.

■ On appeal Gold contends that the district court's order of remand is not final and therefore is not appealable. We disagree. The district court not only denied the Secretary's motion for summary-judgment and reversed the decision of the Secretary, but also determined that on remand the Secretary had the burden of proving that reasonable job opportunities were available to Gold for the period April 1967 through April 1970. It further held that the Secretary's burden could not be met by a vocational expert testifying concerning job opportunities from an occupational manual and without the benefit of a personal interview with Gold. Unless the Secretary is allowed to appeal from this order he will never be able to reach the questions involved. Cohen v. Perales, 5 Cir. 1969, 412 F.2d 44, rev'd on other grounds, Richardson v. Perales, 1971, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842.

■ Gold next complains that since no appeal was taken from the first remand order, and since the second remand order was identical to the first order, the time for an appeal has somehow run. The record refutes this argument. The only similarity between the first and second remand orders is the holding that reliance upon a catalog of job opportunities without independent determination that a reasonable opportunity existed for obtaining such work and without benefit of a personal interview was insufficient to meet the Secretary's burden. This erroneous legal standard was incorporated in the first remand order and the error was compounded in the second remand order.

■ Gold argues that a vocational expert must make an independent determination that Gold had an opportunity to obtain work. He contends that in light of the failure to personally interview him, the use of a dictionary of job titles is not evidence that the jobs enumerated by the expert are reasonably available to Gold.

The short answer is that Congress amended the law by the addition to the Act in 1968 of section 223(d)(2)(A), which provides:

(A) an individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. * * *

"The newly amended law makes it absolutely clear that the consideration whether an applicant would be hired is irrelevant." King v. Finch, 5 Cir. 1970, 428 F.2d 709. See also Meneses v. Secretary of Health, Education and Wel-

fare, 1971, 143 U.S.App.D.C. 81, 442 F. 2d 803; Brown v. Finch, 5 Cir. 1970, 429 F.2d 80. The testimony of the vocational expert is substantial evidence that Gold was, from April 1967 to April 1970, capable of engaging in substantial gainful activity which existed in the national economy. *See* Chavies v. Finch, 9 Cir. 1971, 443 F.2d 356; Gentile v. Finch, 3 Cir. 1970, 423 F.2d 244; Wright v. Gardner, 7 Cir. 1968, 403 F. 2d 646; Mullins v. Gardner, 6 Cir. 1968, 396 F.2d 139. Furthermore, the vocational expert's testimony need not be discounted because he had not interviewed Gold. Kyle v. Cohen, 4 Cir. 1971, 449 F.2d 489. *Cf.* Peoples v. Richardson, 5 Cir. 1972, 468 F.2d 601.

■ Finally, we are convinced that the Secretary's determination that Gold was not disabled for the period in question is supported by substantial evidence. Gold worked as an insurance salesman between November 1967 and November 1968, making $8,249.25 in gross commissions in 1968. Three doctors opined that Gold's heart condition indicated a "slight limitation of physical activity," while one doctor felt that modest exertion would cause angina or fatigue. The first hearing examiner rejected the latter opinion as being inconsistent with the advice given by the doctor to Gold that he should walk half a mile a day or play golf. The five testifying doctors also held different opinions concerning Gold's vocational ability: two believed that Gold could do light or sedentry work; one thought that Gold could do part time work at home; and two felt that he could not return to significant gainful employment. The Secretary relied upon the opinions of the two vocational experts and two doctors, all of whom agreed that Gold could do light work.

When we view the expert testimony in the light most favorable to Gold we find substantial evidence that Gold was not disabled from April 1967 to April 1970 within the meaning of the Act. In so concluding we do not disregard the con-trary medical evidence. These opinions, however, present merely a conflict in the evidence which the Secretary was called upon to resolve. Martin v. Finch, 5 Cir. 1969, 415 F.2d 793.

The judgment of the district court is reversed and the case is remanded to the district court with directions to enter summary judgment in favor of the Secretary.

Reversed and remanded with directions.