**Pelham D. CHASTANG, Jr., Plaintiff-Appellee,**

v.

**Margaret M. HECKLER, Secretary of Health & Human Services, Defendant-Appellant.**

**No. 82–7161.**

United States Court of Appeals, Eleventh Circuit.

June 2, 1983.

Thomas H. Figures, Asst. U.S. Atty., Mobile, Ala., Nathan Kobin, Dept. of H.H.S., Baltimore, Md., for defendant-appellant.

R. Michael Booker, Birmingham, Ala., for plaintiff-appellee.

**702**

Before GODBOLD, Chief Judge, FAY and HILL, Circuit Judges.

BY THE COURT:

This case is once again before us on a motion by the Secretary of Health and Human Services (HHS) to reinstate its appeal of the district court's order remanding the case to the Social Security Administration for further proceedings. On July 7, 1982 this court dismissed HHS's appeal for want of jurisdiction. *See* 28 U.S.C. § 1291. More than three months later, on October 28, the government filed a motion to reinstate the appeal without stating grounds. This court rejected the motion, stating:

> Appellant's motion does not address [the] issue [of this court's jurisdiction] and does not state any grounds for reinstating this appeal . . . .

In the motion presently before us, filed two months after the above-quoted order, the government makes another belated attempt to revive its appeal, *cf.* 11th Cir.R. 26 (petition for rehearing must be filed within 20 days of date of opinion), this time setting forth grounds. The appellee, in his response to this latest motion, argues that the appeal is frivolous and moves for costs and attorney's fees.

We cannot agree with appellee that the appeal was frivolous from the outset. An order of a district court remanding a case to an administrative agency has been held appealable under some circumstances, notwithstanding that the district court's order is technically interlocutory. *See, e.g., Gold v. Weinberger,* 473 F.2d 1376 (5th Cir. 1973); *Cohen v. Perales,* 412 F.2d 44 (5th Cir.1969), *rev'd on other grounds sub nom. Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). HHS thus initially had an arguable basis for its appeal.

 HHS's duplicative attempt to reinstate its appeal, however, is frivolous. HHS may not call upon this court to again reconsider a ruling that it has had ample opportunity to challenge. *See Exhibitors Poster Exchange, Inc. v. National Screen Service Corp.,* 543 F.2d 1106 (5th Cir.1976).

Although we are prepared to deny HHS's motion on this basis alone, we find the former Fifth Circuit cases cited by HHS, *Gold, supra; Cohen, supra,* distinguishable. *See Hall v. Heckler,* No. 83–7097 (order of 5/23/83).

The appellee moves for an award of attorney's fees and costs associated with the motion to reinstate. Although 28 U.S.C. § 2412(a), (d) (West Supp.1983) authorizes an award of fees and costs against the United States in some circumstances, the appellee is not a "prevailing party" within the meaning of that section. *See Hanrahan v. Hampton,* 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980); *Hall, supra.*

The motion to reinstate is DENIED.