Floyd T. **FARR**, Plaintiff-Appellant,

v.

Margaret M. **HECKLER**, Secretary, Health & Human Services, Defendant-Appellee.

No. 83–8750

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

April 16, 1984.

Margaret C. Johnson, Macon, Ga., for plaintiff-appellant.

Frank Butler, Asst. U.S. Atty., Macon, Ga., for defendant-appellee.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

This case concerns the denial of social security disability benefits to a claimant who has undergone coronary bypass surgery but whose present heart condition is essentially normal. The Administrative Law Judge determined that Farr was unable to perform his past relevant work and could do sedentary work and listed several types of jobs that Farr could perform.

On appeal, the district court concluded that the ALJ's determination of Farr's residual functional capacity (RFC) as sedentary was supported by substantial evidence but found that the ALJ's listing of appropriate jobs included only jobs that required light or medium work, not sedentary. The district court therefore remanded to the Secretary for further consideration of Farr's ability to perform work other than his past relevant jobs. Farr appealed from the district court's finding that the ALJ's

determination of Farr's RFC was supported by substantial evidence.

Before proceeding to the merits, this court must determine if it has jurisdiction to review the district court's order. Courts of appeal have jurisdiction to review "all final decisions of the district courts." 28 U.S.C. Sec. 1291 (1976). Usually a final decision is one that ends the litigation. *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978), *quoting Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). If the order does not end the litigation, it must come within an exception to the final judgment rule to be reviewable on appeal. *Livesay,* 437 U.S. at 467, 98 S.Ct. at 2457. One major exception to the final judgment rule is the collateral order doctrine established in *Cohen v. Beneficial Industrial Loan Corporation,* 337 U.S. 541, 546–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). To come within the *Cohen* exception the order must not be subject to revision in the district court, or involve issues intertwined with the merits of the cause of action, or be subject to effective review after final judgment. *Livesay,* 437 U.S. at 468, 98 S.Ct. at 2457.

The district court's order does not terminate the litigation. Rather, on remand the Secretary must review the case and reconsider the claimant's ability to perform jobs that exist in significant numbers in the national economy. Depending on the Secretary's determination, there may be another appeal to the district court and subsequently to this court.

The district court's decision also does not come within the *Cohen* exception, because the court's affirmance of the ALJ's categorization of Farr's RFC as sedentary is intertwined with the merits. This conclusion of the court does not involve a separate evidentiary ruling that would come within the *Cohen* doctrine. *See Gold v. Weinberger,* 473 F.2d 1376, 1378 (5th Cir.1973) (finding appealable under *Cohen* an order that Secretary had burden of proving reasonable job opportunities for

claimant and that the burden could not be met by testimony of vocational expert who had not interviewed claimant); *Cohen v. Perales*, 412 F.2d 44, 48–49 (5th Cir.1969) (finding order establishing standards for admission of hearsay and indicating that hearsay could not be substantial evidence to be appealable under *Cohen*), *rev'd on other grounds sub nom. Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Furthermore, after remand, if the case is again appealed to this court, we can at that time review the ALJ's determination of Farr's RFC.

Because the district court's order is not a final judgment, this appeal is DISMISSED for lack of jurisdiction.