**Tommie D. PARKER,**
**Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

No. 84–7128.

United States Court of Appeals,
Eleventh Circuit.

Jan. 4, 1985.

J.H. Crow, III, Birmingham, Ala., for plaintiff-appellant.

Frank W. Donaldson, U.S. Atty., Mary P. Thornton, Asst. U.S. Atty., Birmingham, Ala., for defendant-appellee.

Before RONEY and HENDERSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

After Tommie D. Parker initiated this appeal challenging the Secretary's decision to terminate his Social Security disability benefits, Congress enacted the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, 98 Stat. 1794 (1984). This Act sets forth standards to be followed in termination of benefits cases such as Parker's.

The Secretary's response to this new Act was to file a motion to remand Parker's case to the Secretary for consideration under the new Act. Because appellant Parker filed an opposition to the remand and argued that the statutory requirement was unconstitutional, the Court entertained fully the Secretary's motion at oral argument, which had been scheduled before the Secretary's motion was filed.

Having considered this motion and all objections, we hold that under the clear language of the Act the Court is required to remand all termination of benefits cases which were pending on September 19, 1984 and which involve medical improvement, so that the Secretary may reconsider the claims under the new standards for termination set forth in the Act.

The language of the new statute is clear. Section 2(a) of the Act amends 42 U.S.C.A. section 223(f) of the Social Security Act and sets forth standards of review for termination of disability benefits. These standards are more comprehensive than those set forth by this Court in *Simpson v. Schweiker*, 691 F.2d 966 (11th Cir.1982). The new amendments apply to determinations with respect to which a request for judicial review was pending on September 19, 1984 in actions relating to medical improvement. The term "actions relating to medical improvement" is defined under the Secretary's new listing of terms in the Act, section 2(d)(6), as an action raising the issue of whether an individual should have had his entitlement terminated "without consideration of whether there has been medical improvement in the condition of such individual ... since the time of a prior determination that the individual was under a disability."

The request for judicial review of this case was pending on September 19, 1984. Since the termination is based on the decision that Parker is not now disabled, this is clearly an action relating to medical improvement. The command of the Act necessitates remand for consideration under the new standards. The district court judgment for the Government is vacated and this case is remanded to the district court for remand to the Secretary for proceedings consistent with the new Act, and this opinion.

It should be noted that the claimant in effect withdrew the constitutional challenge and the objections to remand at oral argument. Costs will be taxed against the Secretary.

VACATED and REMANDED.