788 F.2d 698
 54 USLW 2591, 13 Soc.Sec.Rep.Ser. 256,
Unempl.Ins.Rep. CCH 16,779
 Bobby HUIE, Plaintiff-Appellee,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Defendant-Appellant.
Fannie P. ALSTON, Plaintiff-Appellee,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Defendant-Appellant.
Willie C. WEST, Jr., Plaintiff-Appellee,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Defendant-Appellant.
Arvetter D. TUCKER, Plaintiff-Appellee,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Defendant-Appellant.
John D. McKIBBEN, Plaintiff-Appellee,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Defendant-Appellant.
Mary A. HARRIS, Plaintiff-Appellee,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Defendant-Appellant.
Edna NORRIS, Plaintiff-Appellee,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Defendant-Appellant.
Richard F. TUCKER, Plaintiff-Appellee,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Defendant-Appellant.
Jasper SMITH, Plaintiff-Appellee,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Defendant-Appellant.
Aubrey L. ROGERS, Plaintiff-Appellee, Cross-Appellant,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Defendant-Appellant, Cross-Appellee.
Katheryn L. SCOTT, Plaintiff-Appellee,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Defendant-Appellant.
Douglas ROMINE, Plaintiff-Appellee,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Defendant-Appellant.
John D. MOORE, Plaintiff-Appellee,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Defendant-Appellant.
Charles L. FORD, Plaintiff-Appellee,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Defendant-Appellant.
Billy L. BOWERS, Plaintiff-Appellee,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Defendant-Appellant.
Tommie D. PARKER, Plaintiff-Appellee,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Defendant-Appellant.
 Nos. 85-7067 to 85-7081 and 85-7218.
 United States Court of Appeals,
Eleventh Circuit.
 May 5, 1986.
 
 Frank W. Donaldson, Jenny L. Smith, U.S. Attys., Birmingham, Ala., William Kanter, Mark B. Stern, Civ. Div., Dept. of Justice, Washington, D.C., for defendant-appellant.
 R. Michael Booker, Shores & Booker, Birmingham, Ala., George W. Harris, Legal Services Corp. of Alabama, Tuscaloosa, Ala., for plaintiffs-appellees.
 Gary E. Davis, Centre, Ala., for McKibben.
 Gene M. Hamby, Jr., Sheffield, Ala., for Harris.
 Jan Cox, Tarver & Veigas, Birmingham, Ala., for Norris.
 J. William White, Legal Services Corp. of Alabama, Tuscaloosa, Ala., for Rogers.
 Roger H. Bedford, Bedford, Bedford & Rogers, P.C., Russellville, Ala., for Bowers.
 Appeals from the United States District Court for the Northern District of Alabama.
 Before KRAVITCH and HATCHETT, Circuit Judges, and DUMBAULD*, Senior District Judge.
 HATCHETT, Circuit Judge:
 
 
 1
 Appellees (hereinafter claimants) are disability recipients whose cases have been consolidated for this appeal. They filed this lawsuit to challenge the Department of Health and Human Services's termination of their benefits. The district court reinstated benefits retroactive to date of termination. We affirm the district court.
 
 
 2
 On October 9, 1984, President Reagan signed into law the Social Security Disability Benefits Reform Act of 1984. Pub.L. No. 98-460 (the Act). The Act listed new standards for determining when disability benefits paid pursuant to various titles of the Social Security Act are to be terminated. Section 2(a). It further provided that any "actions relating to medical improvement" pending in federal courts on September 19, 1984, be remanded to the Secretary of Health and Human Services (hereinafter Secretary) for reconsideration under the new standards. Section 2(d)(2). See Parker v. Heckler, 750 F.2d 1474, 1475 (11th Cir.1985). On September 19, 1984, the claimants' cases were pending in federal court. The district court and this court granted the Secretary's motions to remand all pending cases for consideration under the Act.[1] The district court also ordered that the claimants' benefits be reinstated from the date of termination. In response to that order, the Secretary filed a motion to alter or amend the portion of the judgment awarding benefits from date of termination. The Secretary contended that the Act intended that benefits be restored only after the Secretary's determination that the claimant is disabled under the new standards.[2] The district court denied the Secretary's motion. The Secretary now appeals the district court's award of retroactive benefits.
 
 
 3
 We address two issues: First, we must determine whether the district court's orders remanding the cases to the Secretary are appealable orders. Second, we must determine whether the district court acted within its power in awarding benefits to the claimants pending the Secretary's reconsideration of the cases.
 
 A. Jurisdiction
 
 4
 The Secretary advances three theories supporting this court's jurisdiction. The Secretary claims that this court has jurisdiction because (1) the district court's order is a final order under 28 U.S.C. Sec. 1291; (2) it is an appealable collateral order under the Cohen doctrine; and (3) it is appealable as an injunction pursuant to 28 U.S.C. Sec. 1292(a)(1).
 
 
 5
 Appellate jurisdiction generally depends on the entry of a final order. Coopers & Lybrand v. Livesay, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351, 357 (1978). A final order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1365, 1368 (11th Cir.), cert. denied, 464 U.S. 893, 104 S.Ct. 239, 78 L.Ed.2d 230 (1983) (quoting Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911, 916 (1945)). The finality requirement of section 1291 is meant to avoid the drain upon judicial resources caused by the inconvenience and costs of piecemeal litigation. Coopers & Lybrand v. Livesay, 437 U.S. at 471, 98 S.Ct. at 2459, 57 L.Ed.2d at 359. Generally, an order of a district court remanding a case to the Secretary of Health and Human Services for further consideration is not an appealable order. Biddle v. Heckler, 721 F.2d 1321 (11th Cir.1983); Howell v. Schweiker, 699 F.2d 524 (11th Cir.1983).
 
 
 6
 As support for the claim that the district court's remand is a final order, the Secretary points to section 2(d)(4) of the Act. That section provides that the decision of the Secretary following remand "shall be regarded as a new decision" of the Secretary that "supersedes" the prior determination that was pending on judicial review. This argument is unpersuasive. On remand, the Secretary must follow the standards outlined in the Act to reconsider the earlier decision to terminate the claimants' benefits. In another social security disability benefits case, this court noted: "The district court's order [upon remand for further consideration] does not terminate the litigation. Rather, on remand the Secretary must review the case and reconsider.... Depending on the Secretary's determination, there may be another appeal to the district court and subsequently to this court." Farr v. Heckler, 729 F.2d 1426, 1427 (11th Cir.1984). The district court's order is not a final order because it does not end the litigation.
 
 
 7
 The Farr court noted that "[i]f the order does not end the litigation, it must come within an exception to the final judgment rule to be reviewable on appeal." 729 F.2d at 1427. The Supreme Court has created an exception for certain collateral orders which are not final orders. Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The Cohen Court recognized that the finality provision of section 1291 has historically been given a "practical rather than a technical construction." 337 U.S. at 546, 69 S.Ct. at 1226, 93 L.Ed. at 1536. The Cohen doctrine allows appeals to be taken from orders that (1) finally determine claims entirely collateral to and separable from the substance of other claims in the action, (2) require review because they present significant, unsettled questions, and (3) cannot be reviewed effectively once the case is finally decided. 337 U.S. at 545, 69 S.Ct. at 1224, 93 L.Ed. at 1536.
 
 
 8
 In Cohen, a shareholder brought a derivative action against a corporation. The corporation claimed that the shareholder was subject to a New Jersey statute requiring that shareholders holding below a threshold amount of equity who institute derivative actions may be required to post security in order to allow for payment of the corporation's attorney's fees and other expenses if the corporation prevails. The corporation appealed the district court's finding that the statute was inapplicable, and the court of appeals reversed. The Supreme Court held that the district court ruling was appealable because the decision "appears to fall in the small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." 337 U.S. at 546, 69 S.Ct. at 1225-26, 93 L.Ed. at 1536. The Court found that immediate review was proper because the decision on the applicability of the New Jersey statute was not a step toward a final decision of the case, and would not become a part of the final decision that could eventually be reviewed. The Court noted that if the order of the district court were not reviewed prior to termination of the litigation, "it will be too late effectively to review the present order and rights conferred by the statute, if it is applicable, will have been lost, probably irreparably." 337 U.S. at 546, 69 S.Ct. at 1225, 93 L.Ed. at 1536.
 
 
 9
 This exception to the general rule of finality was applied to a district court order remanding a social security disability claim in Cohen v. Perales, 412 F.2d 44 (5th Cir.1969), rev'd on other grounds sub nom., Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1970). In Perales, the claimant objected to the admissibility of hearsay evidence at an administrative hearing before an administrative law judge (ALJ). The ALJ had allowed into evidence reports of physicians who had examined the claimant but were not present at the hearing. The ALJ relied upon these reports to deny benefits to the claimant. The district court found that the reports should have been excluded, and remanded, directing the Secretary to base his decision on first-hand evidence, stating that hearsay evidence could not constitute the substantial evidence needed to sustain the denial of benefits. In holding it had jurisdiction over the appeal of this remand, this court's predecessor found that the district court
 
 
 10
 established standards for the admission of hearsay evidence and indicated that hearsay evidence is not substantial evidence. Unless the Secretary is allowed to appeal from this order, he will never be able to reach the questions involved, because on the next appeal, if there is one, the sole question may be the substantiality of the evidence, not its admissibility. This seems to us to fit the rationale of the decisions in Cohen v. Beneficial Industrial Loan Corp. [Citation omitted.]
 
 
 11
 412 F.2d at 48.
 
 
 12
 Similarly, in another case in which the Secretary denied social security disability benefits, the district court entered a remand order requiring the Secretary to meet the burden of proving jobs were available to the claimant. The court required use of a vocational expert who had personally interviewed the claimant and not merely second-hand information of existing job opportunities. Gold v. Weinberger, 473 F.2d 1376 (5th Cir.1973). The court of appeals found the order appealable because "unless the Secretary is allowed to appeal from this order, he will never be able to reach the questions involved." 473 F.2d at 1378.
 
 
 13
 We find the rationale justifying appellate review of remand orders in Perales and Gold applicable in this case. The three criteria outlined in Cohen are present. The issue of whether a court may order the Secretary to pay retroactive benefits prior to the determination of whether the claimants were improperly taken off the rolls is separable from the issue of whether the claimants have experienced a medical improvement.
 
 
 14
 Second, this case presents an unsettled question which requires that we make a proper determination involving significant interests of the Secretary in protecting the public fisc. Likewise, the case involves important interests of the claimants in financial well-being and, perhaps, survival. Title 42 U.S.C. Sec. 404(b) (1983) precludes recovery for overpayment of benefits from any person who is without fault, if such recovery "would defeat the purpose of this subchapter or be against equity and good conscience." Thus, it is unclear whether the Secretary would be able to recoup any overpayment in this situation. The Supreme Court has recognized that the theoretical right to recoupment of such benefits is largely illusory. Mathews v. Eldridge, 424 U.S. 319, 346-49, 98 S.Ct. 893, 908-10, 47 L.Ed.2d 18, 40-41 (1976). Furthermore, the Secretary will have at least lost the use of any money improperly paid until the time it is recovered.
 
 
 15
 Finally, once this case is remanded and the Secretary pays benefits, the fundamental legal issue of whether payments are permitted prior to a determination of the disability claim under the Act will become moot. Thus, review at a later time will be meaningless. If after readjudication, the claimants are awarded benefits, the Secretary will have no right to appeal the determination. If the claimants are found not to be entitled to benefits, the Secretary will be able to present the issue only if the claimants opt to appeal the Secretary's new determination. Thus, as in Perales, "the sole question may be" the fundamental issue of the propriety of the Secretary's determination, and not whether the benefits were properly payable pursuant to the remand order.
 
 
 16
 Because we find jurisdiction under the Cohen doctrine, we need not address the Secretary's claim that the district court's order is appealable as an injunction.
 
 B. Merits
 
 17
 In Simpson v. Schweiker, 691 F.2d 966 (11th Cir.1982), this court held that disability benefits may not be terminated without substantial evidence of improvement in the recipient's condition. Subsequent cases noted that the Secretary refused to apply the medical improvement standard enunciated in Simpson except when directed to do so by a federal court in a specific case. See, e.g., Pickett v. Heckler, 608 F.Supp. 841, 843 (D.C.Fla.1985); Thomas v. Heckler, 598 F.Supp. 492, 496 (M.D.Ala.1984). See also H.R.Rep. No. 618, 98th Cong., 2d Sess., 23, reprinted in 1984 U.S.Code Cong. & Ad.News 3038, 3060. The Thomas court further concluded that "in refusing to follow the law of this circuit as announced in Simpson, the Secretary has acted and is acting outside the law, flouting both the statutory and constitutional law of this land." 598 F.Supp. at 496-97. The Act was thus an attempt by Congress to reconcile differences in statutory interpretation between the Secretary and the courts in determining when benefits may properly be terminated. H.R.Conf.Rep. No. 1039, 98th Cong., 2d Sess., 38, reprinted in 1984 U.S.Code Cong. & Ad.News 3038, 3080, 3096.
 
 
 18
 The Secretary contends that the sole method for reinstatement of benefits is that contained in section 2(e) of the Act, which requires a claimant to make an election to have benefits reinstated pending a redetermination by the Secretary.[3] The Secretary further contends that section 2(f) of the Act is the exclusive vehicle for the payment of retroactive benefits.[4] According to the Secretary, these two sections of the Act demonstrate Congress's intent to allow the claimant to decide whether to reinstate benefits during the pendency of the Secretary's reconsideration of the claim. In the absence of an election, retroactive benefits will be paid only when the claim for such benefits has been finally adjudicated favorably to the claimant.
 
 
 19
 Only one other circuit court of appeals has addressed this issue. In White v. Heckler, 774 F.2d 994 (10th Cir.1985), the Tenth Circuit rejected the Secretary's arguments and affirmed the district court's grant of retroactive reinstatement of benefits. Two district courts have adopted the opposite view. See Johnson v. Heckler, 606 F.Supp. 82, 86 (S.D.N.Y.1984); Kinney v. Heckler, 596 F.Supp. 821, 822 (D.Me.1984) (retroactive reinstatement appropriate only when the Secretary engaged in prejudicial delay).
 
 
 20
 We agree with the reasoning of the Tenth Circuit. Sections 2(e) and 2(f) provide the means by which a claimant may act to receive benefits, both interim and retroactive. Yet, neither of these sections, nor any other section of the Act, nor its legislative history address the courts' power to provide such relief. Title 42 U.S.C. Sec. 405(g) (1983) provides that
 
 
 21
 any individual, after a final decision of the Secretary made after a hearing to which he was a party ... may obtain a review of such decision ... in the district court of the United States.... The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary with or without remanding the cause for rehearing.
 
 
 22
 Clearly, Congress was aware of this historic equity power of the federal courts. Its failure to specifically address the courts' power leads us to the conclusion that the Act was not intended to limit the court's power to award retroactive benefits.
 
 
 23
 Once jurisdiction is established, courts maintain the authority to provide equitable relief commensurate to the harm. Califano v. Yamasaki, 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979) (affirming district court's injunction directing Social Security statute be implemented through procedures other than those authorized by the Secretary). The remanding court is vested with equity powers and "may adjust its relief to the exigencies of the case in accordance with the equitable principles governing judicial action." Ford Motor Co. v. NLRB, 305 U.S. 364-73, 59 S.Ct. 301-07, 83 L.Ed. 221, 229-30 (1939).
 
 
 24
 While Congress has the authority to limit the equitable powers and discretion of the federal courts in order to implement important federal policy, such limitation will not be found in the absence of the clear legislative command. Califano v. Yamasaki, 442 U.S. at 705, 99 S.Ct. at 2559, 61 L.Ed.2d at 195; Porter v. Warner Holding Co., 328 U.S. 395, 396-99, 66 S.Ct. 1086, 1088-89, 90 L.Ed. 1332, 1336-37 (1946). Ambiguities must be resolved in favor of that interpretation which affords a full opportunity for equity courts to exercise their traditional practices. Hecht Co. v. Bowles, 321 U.S. 321, 331, 64 S.Ct. 587, 592, 88 L.Ed. 754, 761 (1944). Congress must speak clearly to interfere with the historic equitable powers of the courts it has created. Porter, 328 U.S. at 399, 66 S.Ct. at 1089, 90 L.Ed. at 1337. If Congress desired to make an abrupt departure from traditional equity practice, "it would have made its desire plain." Hecht Co., 321 U.S. at 331, 64 S.Ct. at 592, 88 L.Ed. at 761. The Secretary has not presented and we have not found any language in the Act or its legislative history which indicates that Congress intended to limit the equitable powers of the federal courts.
 
 
 25
 As previously noted, the Secretary failed to adhere to the orders we set forth in Simpson v. Schweiker. The district court order awarding retroactive benefits is an implicit recognition of the Secretary's effort to ignore our ruling in Simpson. The awarding of retroactive benefits plus the claimants' election to begin receiving interim benefits will place them in the same position they would have been had they not been improperly taken off the rolls. In Simpson we held that claimants could not be taken from the rolls until medical improvement was shown. Medical improvement has not been shown. Congress, aware of that ruling, did not limit or even mention the courts' power to so act. The law of this circuit is clear: a recipient of benefits may not be taken off the rolls until the Secretary shows medical improvement by substantial evidence. We hold that these claimants are entitled to benefits from date of termination.
 
 
 26
 The Secretary's argument that the district court's award violates principles of sovereign immunity is without merit. We hold that 42 U.S.C. Sec. 405(g) operates as a waiver of sovereign immunity by giving the federal courts the right to review and modify or reverse the Secretary's decisions. See Wright v. Califano, 603 F.2d 666, 670 (7th Cir.1979), cert. denied, 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980).
 
 
 27
 In addition to these claimants, this opinion potentially affects only disability recipients terminated by the Secretary who had "actions relating to medical improvement" pending in federal courts of this circuit on September 19, 1984.
 
 
 28
 AFFIRMED.
 
 
 
 *
 Honorable Edward Dumbauld, Senior U.S. District Judge for the Western District of Pennsylvania, sitting by designation
 
 
 [1]
 All of the consolidated cases were pending in federal district court with the exception of Parker v. Heckler, No. 85-7218, which was pending before this court. This court vacated the district court's decision in Parker v. Heckler, with instructions to remand the case to the Secretary. 750 F.2d 1474 (11th Cir.1985)
 
 
 [2]
 The Secretary filed such a motion in all of these cases with the exception of Harris v. Heckler, No. 85-7072. The notice of appeal in Harris is timely
 
 
 [3]
 Section 2(e) of the Act of 1984, provides:
 (e) Any individual whose case is remanded to the Secretary pursuant to subsection (d) or whose request for a review is made in a timely manner pursuant to subsection (d), may elect, in accordance with section 223(g) or 1631(a)(7) of the Social Security Act, to have payments made beginning with the month in which he makes such election, and ending as under such section 223(g) or 1631(a)(7). Notwithstanding such section 223(g) or 1631(a)(7), such payments (if elected)--
 (1) shall be made at least until an initial redetermination is made by the Secretary; and
 (2) shall begin with the payment for the month in which such individual makes such election.
 
 
 [4]
 Section 2(f) of the Act provides:
 (f) In the case of any individual who is found to be under a disability after a review required under this section, such individual shall be entitled to retroactive benefits beginning with benefits payable for the first month to which the most recent termination of benefits applied.