**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 17 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DENNIS F. ROBINSON,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security Administration,

      Defendant-Appellee.

No. 98-5073
(D.C. No. 96-CV-1026-J)
(N.D. Okla.)

**ORDER AND JUDGMENT** [*]

Before **TACHA** , **BARRETT** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. <u>See</u> Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Dennis F. Robinson appeals from an order of the district court affirming the Commissioner's decision denying his application for Supplemental Security Income (SSI) and social security disability benefits. Appellant filed for disability and SSI benefits on April 25, 1994. He alleged disability based on back and nerve injury, high blood pressure, an enlarged heart, gout in both feet, and being a recovered alcoholic and a carrier of hepatitis B. The agency denied his applications initially and on reconsideration.

Appellant received a de novo hearing on June 16, 1995, before an administrative law judge (ALJ). The ALJ determined that appellant could not return to his past relevant work but that he retained the residual functional capacity (RFC) to perform the full range of light work, reduced by his inability to perform work requiring repetitive bending, stooping, or climbing, and his need to alternately sit or stand at thirty-minute intervals. Applying the Medical-Vocational Guidelines, 20 C.F.R. pt. 404, Subpt. P, App. 2, rule 202.21 (the grids) as a framework, the ALJ concluded that appellant was not disabled within the meaning of the Social Security Act. The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision.

We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. See Andrade v. Secretary of Health &

-2-

Human Servs., 985 F.2d 1045, 1047 (10th Cir. 1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Fowler v. Bowen, 876 F.2d 1451, 1453 (10th Cir. 1989) (quotations omitted).

Appellant phrases his first issue as follows: "The administrative law judge erred in his determination of the appellant's residual functional capacity and his findings regarding the appellant's credibility for pain." Appellant's Br. at 23. Appellant's discussion of this issue is poorly organized. With some effort, we have isolated six specific arguments advanced by appellant from the eleven pages of his brief devoted to this argument. They are as follows: (1) the record contains insufficient evidence to show that appellant retained the capacity to perform a significant number of light jobs on a regular and continuing basis; (2) the ALJ failed to support his findings concerning appellant's RFC with medical evidence in the record; (3) the ALJ's RFC determination is based upon adverse credibility findings which are not supported by substantial evidence; (4) the ALJ failed to link his findings concerning appellant's credibility to substantial evidence, as required by Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995); (5) the ALJ erroneously treated his case on a one-dimensional basis by considering his condition at the time of the hearing, when appellant had recuperated from previous surgery, rather than at all times since the alleged onset

of disability; and (6) the ALJ failed to place the burden of proof on the Commissioner at step five to establish his RFC.

There is no indication that appellant raised the burden of proof argument before the district court. Accordingly, we do not consider it. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994). We will address the other five arguments he makes.

We consider first whether there is sufficient evidence to support the ALJ's conclusion that appellant can perform the full range of light work, reduced by his inability to perform work requiring repetitive bending, stooping, or climbing, and his need to alternately sit or stand at thirty-minute intervals. Having carefully reviewed the evidence, including the opinions expressed by appellant's treating physicians, we believe this conclusion is supported by substantial evidence, with the exception of the ALJ's evaluation of appellant's nonexertional complaint of pain.

Appellant argues that the ALJ failed to conduct a proper analysis of his pain. He contends that the ALJ failed to consider pertinent factors in evaluating the credibility of his pain complaint, and failed to tie his credibility findings to specific evidence in the record. In evaluating the credibility of a claimant's subjective complaint of disabling pain, the ALJ should consider such factors as "a claimant's persistent attempts to find relief for his pain and his willingness to try

-4-

any treatment prescribed, regular use of crutches or a cane, regular contact with a doctor, . . . the possibility that psychological disorders combine with physical problems[,] . . . the claimant's daily activities, and the dosage, effectiveness and side effects of medication." Luna v. Bowen, 834 F.2d 161, 165-66 (10th Cir. 1987). It is not enough, moreover, for the ALJ simply to list these factors; he must also "explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible." Kepler, 68 F.3d at 391.

Here, the ALJ identified and discussed some of the factors pertinent to his evaluation of appellant's complaint of pain. The ALJ did not, however, expressly consider appellant's persistent attempts to find relief from his pain, his willingness to try various treatments for his pain, and his frequent contact with physicians concerning his pain-related complaints. It is error for the ALJ to fail to consider factors relevant to the pain analysis which are supported by the record. See Winfrey v. Chater, 92 F.3d 1017, 1021 (10th Cir. 1996). Judging from the record, these factors should have been considered.

The ALJ found that appellant takes only nonprescription pain relievers. This finding is not supported by substantial evidence. Appellant reported at the hearing that he was taking pain medication. See Appellant's App. Vol. II at

-5-

49-50. Appellant's list of medications, completed June 16, 1995, shows that he was taking prescription pain medication prescribed by Dr. Davis. See id. at 246.

The ALJ also found appellant not credible because he had made inconsistent statements about the restriction that pain placed on his ability to walk. The ALJ found appellant's statement at the time of his application that he could walk a mile each day inconsistent with his later statement at the hearing that he could walk just ten minutes before having to rest. See id. at 26. These statements are not necessarily inconsistent, however: the first statement deals with how far appellant could walk in a day, whereas his statement at the hearing described how far he could walk at a time. The ALJ should have recognized this, given the testimony elicited by his questioning of appellant:

Q Okay. And how far are you able to – how much time?

A Well, I spend about ten minutes walking.

Q And then you have to sit down and then you get back up and walk the other way ten minutes?

A Yes, sir.

Id. at 49.

In sum, the ALJ's evaluation of appellant's complaint of pain was both incomplete and based upon factors which are unsupported by substantial evidence. Because a credibility assessment requires consideration of all the factors "in combination," see Huston v. Bowen, 838 F.2d 1125, 1132 n.7 (10th Cir. 1988),

when several of the factors relied upon by the ALJ are found to be unsupported or contradicted by the record, this court is precluded from weighing the remaining factors to determine whether they, by themselves, are sufficient to support the ALJ's credibility determination. We must therefore remand to allow the ALJ to reconsider his pain analysis, and to conduct such further proceedings as may be necessary as the result of such reconsideration.

We next consider whether the ALJ erred by failing to consider appellant's condition at all times pertinent to his application. Appellant argues that his medical condition at the time of the hearing did not present a clear picture of his disabling impairments. By the time of the hearing before the ALJ, he argues, he had recuperated from his previous back surgery and was in better condition than he had been in the previous two years. He claims that the ALJ's failure to consider the seriousness of his condition as he experienced it during the two-year time period prior to the hearing requires reversal.

The ALJ's decision shows that he did consider the medical evidence concerning the previous time periods in question. Moreover, appellant's argument misapprehends the nature of the disability determination. In order to obtain disability benefits, a claimant must show that he has a disability which "can be expected to result in death or . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a),

416.905(a). Medical records concerning appellant's condition prior to the hearing date are certainly relevant to this determination. The ALJ cannot, however, award prospective benefits based on a condition which he determines is no longer disabling as of the hearing date.

Alternatively, appellant may be arguing that the ALJ should have awarded him a closed period of disability benefits. If appellant previously had suffered a period of disability due to a condition which was no longer disabling by the hearing date, he might be entitled to a closed period of benefits. See Pickett v. Bowen, 833 F.2d 288, 289 n.1 (11th Cir. 1987) (discussing "closed period" benefit cases). Although it is not clear whether appellant is attempting to make this argument, we have carefully reviewed the record and conclude that there is substantial evidence to support the ALJ's determination that appellant's exertional impairments did not cause him to meet disability requirements during any period relevant to his claim. On remand, the ALJ will, of course, need to reconsider the pain issue as it relates to the entire relevant time period.

In his next issue, appellant contends that the new evidence he presented to the Appeals Council provided a basis for changing the ALJ's decision of June 23, 1995. In a letter dated September 5, 1995, Dr. Trinidad opined that the condition of appellant's back had progressively worsened since May 1995. In December

1995, Dr. Detweiler stated that appellant's pain had increased in severity since May 1995. In January 1996, appellant underwent a further back surgery.

The Appeals Council determined that the new evidence did not provide a basis for changing the ALJ's decision. It did not give specific reasons for this finding. We note, however, that evidence presented to the Appeals Council is considered only to the extent that it is new, material and relevant to the pertinent time period. See 20 C.F.R. §§ 404.970(b), 416.1470(b); O'Dell v. Shalala, 44 F.3d 855, 859 (10th Cir. 1994).

Appellant argues that the evidence is relevant to the time period prior to the ALJ's June 23, 1995 decision. He contends that his doctors' statements about the worsening of his condition "since May 1995" proves that his condition had worsened before the ALJ decided his claim, and that this new evidence therefore buttresses his claim of disabling pain at the hearing.

The statements of appellant's doctors must be understood in context, however. It is not at all clear from the record that the worsening of appellant's condition began in May 1995. May 1995 was the month in which the Workers' Compensation Court for the State of Oklahoma adjudicated appellant's workers' compensation claim. See Appellant's App. Vol. II at 249. Thus, the May 1995 date provided a "jumping off point" for discussion of the worsening of his condition by appellant's workers' compensation doctors.

-9-

This interpretation is borne out by other evidence in the record. Appellant reported to his physician, Dr. Hicks, that he "had been doing quite well through the year of 1995, <u>until August 1995</u>. <u>Since then</u> he had developed increasing severe problems involving his back." <u>Id.</u> at 269 (emphasis added). There is no evidence that appellant saw a doctor for his complaints of worsened back pain prior to September 1995. A worsening in August 1995 would certainly have occurred after (or "since") May 1995; however, it did not occur prior to the ALJ's decision. We conclude that the new evidence does not show a deterioration in appellant's condition prior to the ALJ's decision and therefore does not rob the Commissioner's decision of substantial evidence.[2]

Finally, appellant contends that the ALJ's hypothetical question to the vocational expert (VE) was incomplete. He argues that the ALJ should have included the fact that he needs a cane to walk, that his feet are painful and that they swell when he stands. He also complains that the ALJ stated in his hypothetical that he should be able to stand "for a short period of time" without defining that term. <u>Id.</u> at 76.

---

[2] If appellant believed that his condition had worsened after the ALJ hearing, his remedy was to initiate a new claim for benefits as of the date his condition became disabling. <u>See</u> <u>Sizemore v. Secretary of Health & Human Servs.</u>, 865 F.2d 709, 712 (6th Cir. 1988).

-10-

As the ALJ noted, Dr. Fielding told appellant to stop using his cane and to increase his walking. Although appellant claimed that he had gout, substantial evidence supports the ALJ's finding that his only medically documented foot problem consists of osteoarthritis in both his great toes. To the extent that impairment would prevent appellant from standing for long periods of time as required by light work, the VE testified in response to follow-up questions by the ALJ that there were jobs which appellant could perform at a sedentary, unskilled level. See id. at 78.

Appellant further argues that the ALJ's hypothetical was incomplete, because it was based on assumptions about his credibility which are unsupported in light of the evidence which he subsequently submitted to the Appeals Council. We do not understand appellant to argue that the ALJ was required to prophesy that he would submit additional evidence. Rather, we think he is simply attacking, on another ground, the Appeals Council's decision not to remand this case to the ALJ. As such, his attack fails. As we have already noted, the post-hearing evidence did not provide a basis for concluding that appellant's impairments were of greater severity on or before the date of the ALJ's decision than otherwise indicated by the medical evidence previously available. We conclude that the ALJ adequately described appellant's impairments in the hypothetical which he posed to the VE.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED in part, REVERSED in part, and REMANDED with instructions to remand to the Commissioner for further proceedings on the pain issue in accordance with this order and judgment.

Entered for the Court


Michael R. Murphy
Circuit Judge