[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11399
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 19, 2010
JOHN LEY
CLERK

D.C. Docket No. 5:08-cv-00516-GRJ

GWENDOLYN REDFIELD MITCHELL,

                                                              Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

                                                              Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 19, 2010)

Before HULL, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

    Gwendolyn Mitchell appeals the district court's order upon administrative

review affirming the Commissioner's denial of disability insurance benefits under

42 U.S.C. § 405(g) and supplemental security income under 42 U.S.C. § 1383(c)(3). After reviewing the parties' briefs and the record, we affirm.

An individual claiming Social Security disability benefits must prove that she is disabled. Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999). "The Social Security regulations provide a five-step sequential evaluation process for determining if a claimant has proven that she is disabled." Id. The administrative law judge ("ALJ") considers whether the claimant (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or equals an impairment listed in the regulations; (4) can return to past relevant work; or (5) can perform other work based on her residual functional capacity, age, education, and experience. See Phillips v. Barnhart, 357 F.3d 1232, 1237–40 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4) (five-step determination for disability insurance benefits); id. § 416.920(a)(4) (five-step determination for supplemental security income). If at any given step the ALJ is able to determine whether a claimant is disabled or not disabled, the ALJ enters a decision without proceeding to the next step. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

A claimant may request benefits for a finite period of disability, even if she is later able to work. In such "closed period" cases, "the decision maker

2

determines that a new applicant for disability benefits was disabled for a finite period of time which started and stopped prior to the date of his decision." Pickett v. Bowen, 833 F.2d 288, 289 n.1 (11th Cir. 1987). Such a claimant could receive a lump-sum payment but would not be entitled to ongoing monthly benefits. Id.

Mitchell initially requested disability benefits in December 2004, alleging that a disabling condition prevented her from working from April 1, 2003, onward. She had worked in customer service prior to her claimed disability. She returned to work as a customer-service representative for approximately five months at the end of 2005 and beginning of 2006, and she worked full-time as a telemarketer from September 2006 until April 2007. Because she was able to perform substantial gainful activity after October 24, 2005, her attorney later amended her claim to request a closed period of disability beginning on April 1, 2003, and ending on October 24, 2005.

The ALJ determined that, beginning from April 1, 2003, Mitchell had and continues to have a modified residual functional capacity for light work activity. He therefore concluded that she was not disabled under step four of the sequential analysis, because she could return to her past relevant work as a telemarketer. The Social Security Administration's Appeals Council denied Mitchell's petition for review. The district court affirmed the Commissioner's decision, finding no error

in the ALJ's determination that Mitchell could perform her past relevant work as a telemarketer.[1]  This is Mitchell's appeal.

Mitchell argues that the ALJ erred as a matter of law when he found that she was capable of performing her past relevant work.  She acknowledges that the regulations provide that past relevant work is work performed during the fifteen-year period prior to the date a claim is adjudicated.  However, she contends that the regulations did not contemplate the situation in which the claimant began work in a new occupation after her closed period of disability ended but before her claim was adjudicated.  She argues that it is illogical to find that a claimant could perform work before she had acquired the skills and training necessary to perform that work.

We conduct a limited review of the ALJ's decision "'to determine if it is supported by substantial evidence and based on proper legal standards.'" Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997)).  "'Substantial evidence

---

[1] The district court also noted in passing that Mitchell would not be considered disabled even if her telemarketing job was not included as past relevant work, because the vocational expert identified other jobs that she could perform.  Although Mitchell takes issue with the district court's reasoning, we decline to address her arguments.  The existence of other jobs goes to step five of the evaluation process, and the ALJ in this case never reached step five because the regulations required him to stop once he found Mitchell not disabled at step four.  See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  There are thus no step-five findings available for judicial review.

4

is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Id. (quoting Lewis, 125 F.3d at 1439). "'Even if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence.'" Id. at 1158–59 (quoting Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990)). In conducting this review, we may not reweigh the evidence or substitute our judgment for that of the ALJ. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). On the other hand, we will reverse where the ALJ fails "to apply the correct law or provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted." Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994).

The ALJ did not err when he found that Mitchell's job as a telemarketer was past relevant work for purposes of the step-four analysis. The regulations define past relevant work as work that a claimant has done "within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 404.1560(b)(1). The relevant "15-year period is generally the 15 years prior to the time of adjudication at the initial, reconsideration or higher appellate level." Barnes v. Sullivan, 932 F.2d 1356, 1358 n.2 (11th Cir. 1991) (citing SSR 82-62, 1982 WL 31386, at *2 (1982)).

Mitchell worked as a telemarketer at the end of 2006 and beginning of 2007, which was less than fifteen years before the ALJ adjudicated her claim in September 2007. Nothing in the regulations indicates that the applicable time period changes if the claimant is requesting a closed period of disability. Mitchell cites no authority, and we have otherwise found none, for the proposition that in closed period cases past relevant work is limited to work performed before the claimed period of disability. In fact, three district courts have decided otherwise. See Naegele v. Barnhart, 433 F. Supp. 2d 319, 325–26 (W.D.N.Y. 2006); Mitchell v. Astrue, No. 5:08-cv-516-Oc-GRJ, 2010 WL 497717, at *3 (M.D. Fla. Feb. 8, 2010); Spencer v. Astrue, No. CV 08-168-S-REB, 2009 WL 800211, at *10 (D. Idaho Mar. 25, 2009).

Mitchell argues that it is illogical for a claimant to be deemed capable of performing work before she has acquired the skills and training necessary to perform that work. Although this argument is superficially attractive, it is undermined by Mitchell's own testimony before the ALJ. When asked how her job as a customer-service representative compared with her telemarketing position, she said that it was "[t]he same thing because that is all I know how to do." The record thus belies any assertion that Mitchell needed new skills or additional training to perform her telemarketing job. A claimant seeking benefits "bears the

6

burden of proving that [she] is disabled," <u>Ellison v. Barnhart</u>, 355 F.3d 1272, 1276 (11th Cir. 2003), and Mitchell has not met that burden here.

In summary, Mitchell worked as a telemarketer less than fifteen years before the ALJ adjudicated her claim. Even though she took this position after her claimed period of disability, the ALJ did not err based on this record in determining that Mitchell's job as a telemarketer was past relevant work. We affirm the Commissioner's denial of disability insurance benefits and supplemental security income.

**AFFIRMED.**