NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3368
_____

IN RE:  CLAUDE TOWNSEND,

Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.C. Civ. No. 12-cv-02158)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 14, 2014
Before:  AMBRO, CHAGARES and VANASKIE, <u>CIRCUIT</u> <u>JUDGES</u>

(Opinion filed:  August 27, 2014)
_____

OPINION
_____

PER CURIAM

On January 15, 2014, we issued a judgment vacating the District Court's order

affirming the denial of Social Security benefits to petitioner Claude Townsend, and

directing the District Court to remand the matter to the Commissioner of Social Security

for further proceedings.  See <u>Townsend v. Sec'y U.S. Dep't of Health & Human Servs.,</u>

553 F. App'x 166 (3d Cir. 2014).   In lieu of a mandate, a certified copy of the judgment

was filed on March 10, 2014.  Pursuant to L. Civ. R. 79.4, the District Court notified the

1

parties that if the mandate or judgment "directs a disposition other than an affirmance, the prevailing party shall submit an order implementing the mandate or judgment." Accordingly, Townsend, as the prevailing party, was required to submit to the District Court a proposed order remanding the matter to the Commissioner. Apparently failing to understand the notice, Townsend failed to comply. Instead, on July 24, 2014, Townsend filed the instant mandamus petition, seeking an order directing the District Court to remand the matter to the Commissioner.

Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) . . . jurisdiction and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Grp. Inc., 975 F.2d 81, 89 (3d Cir. 1992). Townsend clearly has an adequate means of obtaining the relief he desires. As the District Court noted in its "Judicial Notice" to Townsend filed on July 29, 2014, upon the filing of a proposed order by Townsend, the matter will be remanded to the Commissioner. Accordingly, we will deny the mandamus petition.

2