[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13046
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cv-01040-MAP

EDGARDO TORRES RODRIGUEZ,

Plaintiff - Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 20, 2018)

Before WILSON, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Edgardo Torres Rodriguez appeals the district court's order affirming the Commissioner of Social Security's decision denying his application for supplemental security insurance ("SSI").  He argues that the Administrative Law Judge ("ALJ") failed to consider whether he was disabled for a continuous period of 12 months from his alleged onset date through the date of the administrative decision.  After careful consideration, we agree and reverse the district court's order in favor of the Commissioner.

I.

Torres Rodriguez applied for SSI on June 11, 2012, alleging that since July 1, 2010, he had been disabled due to conditions including lack of vision in his left eye.[1]  After a hearing, the ALJ denied his application.  Applying the sequential evaluation process, the ALJ first found that Torres Rodriguez had not engaged in substantial gainful activity since his application date, June 11, 2012.  At step two, the ALJ determined that Torres Rodriguez had severe impairments, including loss of visual acuity in the left eye.  At step three, the ALJ determined that none of Torres Rodriguez's impairments met or medically equaled one of the listed impairments under 20 C.F.R. 404, Subpart P, Appendix 1.

At step four, the ALJ determined that Torres Rodriguez could not perform his past relevant work, but had the residual functional capacity ("RFC") to perform

---

[1] Torres Rodriguez also alleged other impairments, but his appeal concerns only his visual impairment.

2

a range of light work with certain restrictions, including that he was limited to work requiring visual clarity at distances not exceeding ten feet.  In evaluating the medical evidence related to Torres Rodriguez's loss of vision, the ALJ specifically discussed two medical opinions.  The first was from Dr. Derek Delmonte, which was provided on November 30, 2012, following Torres Rodriguez's corneal transplant surgery.  According to Dr. Delmonte, Torres Rodriguez could work full-time, but for one year he should avoid bending, straining, or lifting loads more than 15 pounds.  The ALJ gave Dr. Delmonte's opinion partial weight, because Dr. Delmonte did "not explain why—with respect to his post-surgical state—[Torres Rodriguez] should be limited in that particular manner." Doc. 10 at 35.[2]  The second opinion the ALJ considered was provided on the same day by Jason Adams, a physician assistant.  The ALJ gave that opinion little weight, too, because Adams had "copied Dr. Delmonte's opinion without further explanation" and "[b]ecause partial blindness . . . [is] not expected to affect an individual's ability to lift or carry." *Id.*

The ALJ concluded at step five, with the help of a vocational expert, that a significant number of jobs existed in the national economy that Torres Rodriguez could perform considering his age, education, work experience, and RFC.  The

---

[2] Citations to "Doc. #" refer to the numbered entries on the district court's docket.

ALJ thus concluded that Torres Rodriguez was not disabled from June 11, 2012, his application date, through the date of the ALJ's decision on March 26, 2015.

After the Appeals Council denied Torres Rodriguez's request for review, he filed a complaint in federal district court. A magistrate judge affirmed the Commissioner's denial of SSI.[3] This is Torres Rodriguez's appeal.

## II.

When, as here, an ALJ denies benefits and the Appeals Council denies review, we review the ALJ's decision as the Commissioner's final decision. *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). We review the Commissioner's decision to determine whether it is supported by substantial evidence, but we review *de novo* the legal principles upon which the decision is based. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Substantial evidence refers to "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (internal quotation marks omitted). Even if the evidence preponderates against the Commissioner's decision, we must affirm if substantial evidence supports the decision. *Id.* at 1158-59.

---

[3] The parties consented to having a magistrate judge enter a final order.

III.

On appeal, Torres Rodriguez argues only that the ALJ failed to consider whether his visual impairment was disabling for any period of at least 12 continuous months from his alleged onset date in July of 2010 through the date of the administrative decision in 2015.  For the reasons below, we agree.

An individual claiming Social Security disability benefits must prove that he is disabled.  *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir.1999).  The Social Security Act defines disability as the inability to do any substantial and gainful activity by reason of a medically determinable physical or mental impairment that can be expected to result in death or last 12 or more continuous months.  42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a).  An SSI claimant becomes eligible for benefits in the first month he is both disabled and has an SSI application on file.  *Moore*, 405 F.3d at 1211.  A claimant may request benefits for a "closed period" of disability, even if he is later able to work.  *Pickett v. Bowen*, 833 F.2d 288, 289 n.1 (11th Cir. 1987).  In such cases, if the decision maker determines that an applicant was disabled for a finite period that started and stopped prior to the date of the decision, the claimant is entitled to a lump sum.  *Id.*

Here, the ALJ determined only whether Torres Rodriguez was disabled for the time period following his surgery, which took place on November 30, 2012.  In identifying Torres Rodriguez's limitations for purposes of determining his RFC,

5

the ALJ considered only two medical opinions, each of which was given on November 30, 2012. The opinions were given by Dr. Delmonte and Jason Adams immediately following Torres Rodriguez's corneal transplant surgery. Considering these opinions, the ALJ determined that he was not disabled for any time period following his June 11, 2012 application date.

But the ALJ failed to consider the evidence of Torres Rodriguez's disability from the onset of the blindness in his left eye, July 1, 2010, through November 30, 2012, the day he underwent eye surgery.[4] The record reflects that on October 11, 2012, Dr. Wendell Danforth examined Torres Rodriguez, noting that he had a history of a corneal ulcer, a corneal scar, and cataracts in his left eye. Danforth noted that Torres Rodriguez complained of constant cloudy vision and irritation and that corneal transplant surgery was necessary to correct Torres Rodriguez's vision. His visual acuity was measured in his left eye at 20/400 for distance and 20/800 for near vision, and he could count fingers at five feet. The ALJ made no mention of Danforth's opinion, however. Furthermore, there is no indication in the record that the ALJ considered any of the medical evidence concerning the period prior to Torres Rodriguez's application date, which may have been relevant to determining whether he had been disabled for 12 continuous months. *See* Program

---

[4] Even if he was disabled beginning prior to his application date, Torres Rodriguez could receive disability payments only for the period following his application date, June 11, 2012, through the end of his disability.

Operations Manual System ("POMS") DI 25505.025 ("The duration period can begin . . . prior to the filing date in title XVI claims."); POMS DI 25501.370 (citing 20 C.F.R. § 416.325) (2017)) ("[W]e [] consider the period before the filing date under certain circumstances, for example when determining if a claimant met the 12-month duration requirement.").[5]  Indeed, Torres Rodriguez had documented eye appointments in February, April, and May of 2012 with the physicians' notes indicating the need for surgery to improve the vision in his left eye, yet the ALJ failed to mention this evidence.

Although the ALJ stated that he had reviewed the "entire record," which included evidence that Torres Rodriguez's eye injury had occurred in July 2010, these general references are insufficient because the ALJ did not differentiate between Torres Rodriguez's limitations prior to his surgery on November 30, 2012, and his limitations following that date.  As we have held, an ALJ cannot merely state that he "has carefully considered all of the testimony . . . and exhibits."  *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981) (internal quotation marks omitted).  Instead, the ALJ must "state specifically the weight accorded to each item of evidence and why he reached that decision."  *Id.*  Because

---

[5] The Social Security Administration's POMS is the publicly available operating instructions for processing Social Security claims. *Wash. State Dep't of Soc. & Health Servs. v. Keffeler*, 537 U.S. 371, 385 (2003).  While the "administrative interpretations" contained within the POMS "are not products of formal rulemaking, they nevertheless warrant respect."  *Id.*; *see Stroup v. Barnhart*, 327 F.3d 1258, 1262 (11th Cir. 2003) ("While the POMS does not have the force of law, it can be persuasive.").

the ALJ did not specifically state the grounds for rejecting relevant evidence in this case, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* Accordingly, we reverse the district court's decision in favor of the Commissioner.

IV.

For the foregoing reasons, the district court's order in favor of the Commissioner is reversed. On remand, the ALJ must explicitly consider whether Torres Rodriguez was disabled for any continuous 12 month period since the onset of his eye injury prior to his surgery on November 30, 2012.

**REVERSED and REMANDED.**