[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10228
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cv-01350-ELR


WILLIE JEAN BELL,
DAVID MITCHELL,

                                        Plaintiffs - Appellants,

versus

GUARDIAN AUTOMOTIVE CORPORATION,
SRG GLOBAL, INC.,

                                        Defendants - Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 18, 2019)

Before ED CARNES, Chief Judge, MARTIN, and NEWSOM, Circuit Judges.

PER CURIAM:

Plaintiffs Willie Jean Bell and David Mitchell appeal the district court's order awarding Defendants Guardian Automotive Corporation and SRG Global, Inc., $237,248.81 in attorney's fees and costs as a condition of allowing the plaintiffs to amend their complaint to drop class allegations. We ordered jurisdictional briefing, asking the parties to address whether the district court's order was immediately appealable. Predictably, the plaintiffs contend that it is, and the defendants contend that it is not. We agree with the defendants and dismiss the appeal for lack of jurisdiction.

## I.  BACKGROUND

This case has a long and tortured procedural history, so we discuss only the facts and procedure necessary to provide context and to resolve the appeal. In 2015, Bell filed an individual suit against the defendants, alleging trespass, nuisance, and negligence. Bell asserted that the defendants, who run an automotive parts plant near Bell's home, used toxic substances in their manufacturing process, which contaminated her home and reduced its property value. Bell later amended her complaint — with the district court's leave and over the defendants' objection — to add Mitchell as a co-plaintiff and include a class claim. The district court entered a scheduling order splitting the discovery into two phases: class discovery first, followed by merits discovery.

Class discovery began in October 2015 and, after several extensions of time, closed more than a year later.  While class discovery was still ongoing, the plaintiffs moved to certify their proposed class.  Class certification briefing proceeded, bringing a flurry of motions and discovery disputes.  Several months after briefing on all class issues was complete — and shortly after the district court had scheduled a hearing on all the pending motions — the plaintiffs filed a two-sentence motion seeking leave to amend their complaint to remove the class allegations.  They also filed a notice of withdrawal of their motion for class certification.

The defendants vehemently opposed the plaintiffs' motion to amend, arguing that the plaintiffs were merely attempting to avoid an unfavorable ruling on the merits of their motion for class certification.  In the alternative, the defendants asked the district court to order the plaintiffs to pay the costs and fees the defendants incurred in defending against the class claims.  The district court granted the plaintiffs' motion to amend, finding that any prejudice the defendants would suffer from the proposed amendment could be cured by requiring the plaintiffs to pay the defendants' discovery fees and costs related solely to defending the class claims.

For the next seventeen months, the parties fought over the amount of the defendants' attorney's fees and costs and the process by which the district court

3

would decide that amount.  Nearly three years and eight months after Bell filed her original complaint, the district court awarded the defendants $97,136.47 in attorney's fees and $140,112.34 in expenses and directed the plaintiffs to file their proposed amended (non-class) complaint.  Instead, the plaintiffs filed this appeal.[1]

## II.  DISCUSSION

We can review the district court's order on the merits only if we have jurisdiction to do so.  See Farr v. Heckler, 729 F.2d 1426, 1427 (11th Cir. 1984). With exceptions not relevant here, we have jurisdiction to review only "final decisions of the district courts."  28 U.S.C. § 1291.  In general, a final decision is one that "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment."  McMahon v. Presidential Airways, Inc., 502 F.3d 1331, 1338 (11th Cir. 2007) (quoting Digital Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863, 867 (1994)).

The Supreme Court has "interpreted the term 'final decision' . . . to permit jurisdiction over appeals from a small category of orders that do not terminate the litigation."  Cunningham v. Hamilton Cty., 527 U.S. 198, 204 (1999).  This "small class of rulings" conclusively resolves "claims of right separable from, and

---

[1] The plaintiffs assert that "[t]his appeal in no way prevents the district court from proceeding with a trial on the merits of the case."  But the district court docket indicates that nothing of substance relating to the merits has happened in the district court since the plaintiffs filed this appeal — even though this action does not appear to be stayed.  The plaintiffs have not filed their amended complaint, the defendants have not answered, no discovery has occurred, no dispositive motions have been filed.  The action is at a standstill.

collateral to, rights asserted in the action." Will v. Hallock, 546 U.S. 345, 349 (2006) (quotation marks omitted). Such collateral orders are those "[1] that are conclusive, [2] that resolve important questions separate from the merits, and [3] that are effectively unreviewable on appeal from the final judgment in the underlying action." Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 106 (2009) (quotation marks omitted). These three requirements are "stringent" so they do not "overpower the substantial finality interests § 1291 is meant to further." Will, 546 U.S. at 349–50 (quotation marks omitted). And because the collateral order doctrine's requirements are conjunctive, if even one is absent, we do not have jurisdiction.

The plaintiffs argue that we have jurisdiction under the collateral order doctrine because "'attorney's fees is always a collateral issue' and therefore immediately appealable."[2] We disagree.

The district court awarded the defendants attorney's fees and costs to cure prejudice that the district court found the defendants would suffer from the plaintiffs' proposed amendment to their complaint. So by challenging the fee

---

[2] The plaintiffs also cursorily invoke the practical finality exception to the final order rule, asserting that the district court's order "will cause them irreparable harm." To the extent the plaintiffs are attempting to argue that the practical finality doctrine gives us jurisdiction over this case, they have forfeited that argument by inadequately presenting it. See Center v. Secretary, Dep't of Homeland Sec., 895 F.3d 1295, 1299 (11th Cir. 2018) ("[W]e have repeatedly explained that arguments briefed in the most cursory fashion are waived.") (alterations adopted) (quoting In re Globe Mfg. Corp., 567 F.3d 1291, 1297 n.3 (11th Cir. 2009).

order, the plaintiffs are actually challenging an order imposing conditions on the amendment of a complaint under Federal Rule of Civil Procedure 15(a)(2).  And it is clear that after final judgment has been entered, an appellate court may review whether "the conditions placed on a plaintiff's right to amend its Complaint [were] reasonable" or were "overly burdensome."  Garfield v. NDC Health Corp., 466 F.3d 1255, 1270–71 (11th Cir. 2006) (reviewing the district court's imposed conditions for reasonableness).  Because the plaintiffs are able to obtain review of the district court's fee order "on appeal from the final judgment in the underlying action," the order is not subject to immediate appellate review under the collateral order doctrine.  Carpenter, 558 U.S. 100.

We DISMISS this appeal for lack of jurisdiction.